UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | NO. | 19-cr-10159-MLW |
| | ) | | |
| JOVANI MIRANDA, | ) | | |
| | ) | | |
| Defendant | ) | | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On January 28, 2020, the defendant Jovani Miranda (hereinafter, the "defendant" or "Miranda") pleaded guilty to a one count Superseding Indictment, which charged Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1). There is no written plea agreement in this case.

The Pre-Sentence Report prepared by the United States Probation Office, dated May 4, 2020 (PSR), concluded that Miranda had a total offense level (TOL) of 21, a criminal history category (CHC) of III, and a guideline sentencing range (GSR) of 46 months to 57 months in prison. (PSR ¶ 81). The government agrees with this calculation, and the defendant has not objected to the calculation.

For the reasons discussed herein, and as will be addressed at the sentencing hearing, the government requests that this Court sentence Miranda to 46 months in prison, followed by three years of supervised release. The government believes that such a sentence is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Title 18, United States Code, Section 3553.

**The Offense.** As set out in more detail in the PSR, on January 15, 2019, Miranda was arrested by the Boston Police following a motor vehicle stop in Dorchester. At the time of the

stop, Miranda was sitting in the front passenger seat of the motor vehicle. Officers observed Miranda with an open bottle of alcohol partially concealed beneath his jacket, as well as a small plastic cup. At one point, while speaking with the officers, Miranda opened the bottle of alcohol and took several large gulps directly from the bottle. Officers asked him to exit the vehicle, and while exiting, Miranda stated, "I have a firearm on me." Officers observed Miranda's jacket pocket was snapped closed and clearly weighted down by a heavy, bulging object. When officers attempted to remove the object from Miranda's jacket pocket, Miranda stated, "Be careful, it's loaded, it's a revolver." Officers then unsnapped the pocket and removed a revolver. Officers asked Miranda to produce a license to carry, to which he responded, "Nah, I ain't got one of those." Miranda was then placed into custody.

The revolver seized from Miranda contained five live rounds of ammunition and one spent shell casing. A Boston Police Firearms Examiner subsequently conducted a test firing and analysis of the firearm and ammunition and concluded that the revolver is a firearm, as defined by M.G.L. c. 140, § 121, and that the live and spent rounds found inside the revolver are ammunition, as defined by the same statute. The examiner concluded, based on microscopic comparison, that the spent round was fired from the revolver.

The firearm and ammunition were subsequently examined by a special agent with the United States Bureau of Alcohol Tobacco, Firearms and Explosives (ATF) for the purpose of determining their identity, origin, and classification under Title 18, United States Code, Section 921(a)(3). The ATF special agent determined that the firearm is a Rossi, Model R462, .357 Magnum caliber revolver with an obliterated serial number that was manufactured in Brazil by Forjas Taurus under contract with Rossi. After being manufactured in Brazil, the firearm was imported into the United States by Braztech International, LC of Miami, Florida. The ATF special

agent further determined that the five rounds of .357 magnum caliber ammunition were manufactured by Vista Outdoor Inc., formerly ATK (Alliant Techsystems). Vista Outdoor does not presently have, nor has it historically had, any manufacturing facilities in Massachusetts. Based on where the gun and ammunition were manufactured, they would have had to have traveled in interstate and/or foreign commerce in order to be in Massachusetts and possessed by Miranda.

**Criminal History.** As is set out in detail in the PSR, Miranda has a lengthy criminal history. (PSR ¶¶ 30-46). That history includes eight convictions for drug offenses, assault and battery, trespass, attempting to break and enter, threatening to commit a crime, and threat to do bodily harm. (PSR ¶¶ 31-38).

**Argument.** A sentence of 46 months in prison, the low end of the guidelines, followed by three years of supervised release, is appropriate here. The details of the offense warrant a significant sentence. Miranda was carrying a loaded revolver with an obliterated serial number, while drinking alcohol as a passenger in a vehicle with three other occupants. In addition, as noted above, there was a spent round in the revolver that appears to have been fired from the gun he was carrying.

Miranda has a criminal history that includes multiple convictions for crimes involving domestic violence for either hitting or threatening to hit his girlfriend. (PSR ¶¶ 34, 35, 36, 37). In fact, in the days prior to his arrest, Miranda was allegedly involved in another domestic disturbance incident that resulted in the police being called. (PSR ¶ 10). Miranda has previously received minor sentences for the crimes he has committed, and he has continued to violate the law. The circumstances of his possession of this firearm, combined with his history of criminal conduct, including domestic violence, warrant a significant sentence. Miranda's sentence must serve general deterrence, specifically deter him, promote respect for the law, and protect the public. *See*

18 U.S.C. § 3553(a). To accomplish these goals, the government recommends that this Court sentence Miranda to a low-end guideline sentence of 46 months in prison. The government further recommends that Miranda be placed on supervised release for three years, to commence when Miranda completes the custodial portion of this sentence.

DATED: May 4, 2020

                                        Respectfully submitted,

                                        ANDREW E. LELLING
                                        United States Attorney

By:   */s/ Alathea E. Porter*
       Alathea E. Porter
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

     I hereby certify that on May 4, 2020 this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                        */s/ Alathea E. Porter*
                                        Alathea E. Porter
                                        Assistant U.S. Attorney